Filed 7/7/23  P. v. Morales CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D080530 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD291920) |
| JESUS MEDINA MORALES, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Daniel B. Goldstein, Judge.  Affirmed.

John L. Staley, by appointment of the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Senior Assistant Attorney General, Warren J. Williams and Anthony Da Silva, Deputy Attorneys General, for Plaintiff and Respondent.

Jesus Medina Morales personally discharged a semiautomatic firearm at a police officer while attempting to evade a routine traffic stop. He subsequently pled guilty to one count of attempted murder, and admitted a prior strike conviction, a prior serious felony conviction, and two firearm enhancement allegations. The parties agreed the trial court would sentence Morales within the range of 10 to 30 years, and that the court would not dismiss the prior strike. The trial court sentenced Morales to an aggregate term of 27 years in prison. In doing so, the court struck one of the firearm enhancements but imposed four years for the other, and five years for the prior serious felony.

On appeal, Morales asserts the trial court was required to dismiss the two enhancements under recently amended Penal Code section 1385, subdivision (c)(3)(B) and (C).[1] We decline to accept his interpretation of the statute and instead follow recent authority concluding that dismissal is not mandatory where, as here, the trial court finds it would endanger public safety. Accordingly, we affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

Morales was riding his motorcycle one evening in September 2021 when two police officers noticed that his license plate was not visible. The officers attempted to initiate a traffic stop by turning on the overhead lights and sirens in their marked police vehicle. Morales did not yield. He accelerated and made a sharp turn, which caused him to lay his bike down in the street. He then fled on foot. The officers exited the vehicle and chased Morales, yelling at him to stop. At some point during the chase, Morales

---

[1] All further unspecified statutory references are to the Penal Code.

turned and fired a handgun at one of the officers. The officer returned fire and struck Morales, leading to his arrest. On the way to the hospital, Morales told the medics he wanted to apologize "to the cop," and said that he "just didn't want to go to jail."

The People charged Morales with one count each of attempted murder (count 1: §§ 187, subd. (a) and 664); assault with a deadly weapon (count 2: § 245); possession of a firearm by a felon (count 3: § 29800, subd. (a)(1)); possession of a controlled substance while armed with a firearm (count 4: § 11370.1, subd. (a)); use of personal identifying information of another (count 5: § 530.5, subd. (a)); and forgery (count 6: § 476).[2] The People alleged further, with respect to count 1, that Morales intentionally and personally discharged a semiautomatic handgun within the meaning of section 12022.53, subdivision (c); that Morales personally used a handgun within the meaning of section 12022.5, subdivision (a); that Morales committed the crime, a felony, while on bail from an earlier felony offense; and that Morales knew or reasonably should have known that the victim was a peace officer. The People also asserted that Morales had both a serious felony prior and a strike prior.

Morales entered a plea agreement, by which he agreed to admit the attempted murder charge in count 1, as well as the two firearm enhancements, the strike prior, and the serious felony prior, in exchange for the People dismissing the remaining charges. The written plea agreement specified that the trial court would sentence Morales to a term within the range of 10 and 30 years and would not dismiss the prior strike. Morales

---

[2]    Counts 5 and 6 were not directly related to the traffic stop.

agreed to a *Harvey*[3] waiver, which allowed the trial court to consider his prior criminal history and the entire factual background of the case at sentencing, and expressly admitted that he "intentionally attempted to murder [a] San Diego police officer [ ] by personally discharging a semiautomatic firearm at him."

The People asked the trial court to impose a 30-year sentence, at the top of the agreed upon range. They asserted the court could do so by imposing the low term of five years on the attempted murder charge, doubled to 10 years based on the prior strike, plus an additional 20 years based on the section 12022.53, subdivision (c) firearm enhancement. Defense counsel suggested a term of 14 years, comprised of the low term on the attempted murder charge doubled by the strike for 10 years, plus the middle term of four years for the section 12202.5, subdivision (a) firearm enhancement. She argued the recent amendments to section 1385 precluded the trial court from imposing more than one enhancement or any enhancement that resulted in a term of over 20 years. In response, the People asserted the trial court retained discretion to impose any of the enhancements so long as the court found that Morales remained a danger to society.

The trial court said it believed Morales deserved the full 30 years and "would hurt somebody" if he was released early, but it was not confident it could impose a 20-year enhancement under section 12022.53, subdivision (c). Thus, the court imposed the high term of nine years on the attempted murder charge, doubled by the prior strike, for a base term of 18 years, plus an additional four years for the section 12022.5, subdivision (a) firearm

---

3    See *People v. Harvey* (1979) 25 Cal. 3d 754.

4

enhancement, and an additional five years for the serious felony prior, resulting in a total aggregate term of 27 years.

## DISCUSSION

On appeal, Morales asserts the trial court's sentencing order violated recent amendments to section 1385, and that subdivision (c)(2)(B) & (C) mandated dismissal of all but one enhancement, and any enhancement resulting in a sentence of over 20 years.

Section 1385 has long permitted trial courts to dismiss sentence enhancements, or the additional punishment associated with such enhancements, if doing so is in the furtherance of justice. (See former § 1385, amended by Stats. 1986, ch. 85, § 2, eff. May 6, 1986.) More recently, in 2021, the Legislature passed Senate Bill No. 81 (2021-2022 Reg. Sess.), amending section 1385 to not only grant trial courts the authority, but to also impose a duty upon them to strike or dismiss certain sentence enhancements when it is in the interest of justice to do so, and to specify a set of nine mitigating circumstances that the trial court must consider when making that decision. (Stats. 2021, ch. 721, § 1; *People v. Lipscomb* (2022) 87 Cal.App.5th 9, 16, review den. Mar. 22, 2023 (*Lipscomb*); *People v. Walker* (2022) 86 Cal.App.5th 386, 395–398, review granted Mar. 22, 2023, S278309 (*Walker*).) As relevant here, section 1385, subdivision (c) now states:

> "(c)(1) Notwithstanding any other law, the court shall dismiss an enhancement *if it is in the furtherance of justice to do so*, except if dismissal of that enhancement is prohibited by any initiative statute.

> "(2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. **Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, *unless the court***

5

*finds that dismissal of the enhancement would endanger public safety.* 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others.

"(A) Application of the enhancement would result in a discriminatory racial impact as described in paragraph (4) of subdivision (a) of Section 745.

**"(B) Multiple enhancements are alleged in a single case. In this instance, all enhancements beyond a single enhancement shall be dismissed.**

**"(C) The application of an enhancement could result in a sentence of over 20 years.  In this instance, the enhancement shall be dismissed.**

"(D) The current offense is connected to mental illness.

"(E) The current offense is connected to prior victimization or childhood trauma.

"(F) The current offense is not a violent felony as defined in subdivision (c) of Section 667.5.

"(G) The defendant was a juvenile when they committed the current offense or any prior offenses, including criminal convictions and juvenile adjudications, that trigger the enhancement or enhancements applied in the current case.

"(H) The enhancement is based on a prior conviction that is over five years old.

"(I) Though a firearm was used in the current offense, it was inoperable or unloaded.

"(3) While the court may exercise its discretion at sentencing, this subdivision does not prevent a court from exercising its discretion before, during, or after trial or entry of plea."[4]

(Italics and boldface added.)

Morales contends the trial court's sentence in this case violates current section 1385, subdivision (c)(2)(B) and (C) because the use of "shall" in those provisions mandates the dismissal of all but one enhancement and any enhancement that would result in a sentence of over 20 years.

Considering the totality of the statutory language, other courts have rejected similar arguments. (See *People v. Mendoza* (2023) 88 Cal.App.5th 287, 290–293, review den. Apr. 26, 2023 (*Mendoza*); *People v. Anderson* (2023) 88 Cal.App.5th 233, 238–240, review granted Apr. 19, 2023, S278786 (*Anderson*); *Lipscomb, supra,* 87 Cal.App.5th at pp. 15–21; *Walker, supra,* 86 Cal.App.5th at pp. 395–398, review granted.)

In *Walker*, the court considered whether section 1385, subdivision (c)(2)(B) mandates the dismissal of all but one sentencing enhancement in all cases. (*Walker, supra,* 86 Cal.App.5th at p. 396, review granted.) The *Walker* court determined that it did not and explained, "the text and purpose of section 1385 in general, and Senate Bill No. 81 in particular, as well as the canons of statutory construction, counsel in favor of concluding that the [relevant statutory language] does not obligate trial courts to automatically dismiss all but one enhancement." (*Walker,* at p. 396.) "The phrase 'all enhancements beyond a single enhancement shall be dismissed' is not a

---

4       When Morales was sentenced, in May 2022, the subdivision (c)(3) appeared directly after subdivision (c)(2), and before subdivisions (A)–(I). Effective June 30, 2022, subdivision (c)(3) now appears below subdivision (c)(2)(A)–(I). (See *Lipscomb*, *supra,* 87 Cal.App.5th at p. 16, fn 3.)

standalone mandate of section 1385. Instead, it appears in the statute appended to one of the nine mitigating circumstances." (*Walker,* at p. 397.) Elsewhere, "[s]ection 1385 explicitly instructs that the existence of a mitigating circumstance—including the one for '[m]ultiple enhancements'— 'weighs greatly in favor of dismiss[al]' " but, under the remaining statutory language, the trial court retains its discretion "to evaluate whether dismissal is in the furtherance of justice by weighing enumerated and unenumerated mitigating factors against whether dismissal of an enhancement would 'endanger public safety.' " (*Walker,* at p. 397, italics omitted.)

The court therefore concluded that section 1385, subdivision (c)(2)(B) "means what it says—namely, that if a trial court determines that the mitigating circumstance of '[m]ultiple enhancements . . . in a single case' exists *and* that dismissal of the enhancements will not 'endanger public safety,' then the court's discretion to dismiss is somewhat constrained by the phrase's mandate that the court must dismiss all but one of those multiple enhancements." (*Walker, supra,* 86 Cal.App.5th at p. 397, review granted, italics added.)

The *Walker* court then went on to address the meaning of section 1385, subdivision (c)(1) and (2), and specifically, the language that the court " '*shall* dismiss an enhancement if it is in the furtherance of justice to do so' " and that the presence of one or more enumerated mitigating circumstance " '*weighs greatly* in favor of dismissing the enhancement . . . *unless* the court finds that dismissal of the enhancement would endanger public safety.' " (*Walker, supra,* 86 Cal.App.3d at p. 398, review granted.) In the *Walker* court's view, "[a]lthough a statute's use of the 'shall/unless' dichotomy by itself does not necessarily erect a presumption in favor of whatever 'shall' be done, [citations] section 1385's use of the additional phrase 'great weight'

8

goes a step further than just the 'shall/unless' dichotomy and thereby erects a presumption in favor of the dismissal of the enhancement unless and until the court finds that the dismissal would 'endanger public safety' as that term is defined in section 1385." (*Walker,* at pp. 398–399.) But the court declined Walker's request to interpret the provision as requiring courts "to dismiss an enhancement 'unless there is substantial evidence of countervailing considerations' that justify imposition of the enhancement."[5] (*Id.* at p. 399.)

The court in *Lipscomb* addressed essentially the same issue in the context of section 1385, subdivision (c)(2)(C). There, the trial court had declined to dismiss a section 12022.53, subdivision (d) enhancement—which resulted in imposition of an additional term of 25 years to life—based on a finding that dismissal " 'would result in physical injury or serious danger to others.' " (*Lipscomb, supra,* 87 Cal.App.5th at p. 13.) Lipscomb asserted the dismissal was mandatory based on the "shall be dismissed" language in section 1385, subdivision (c)(2)(C), but, as in *Walker*, the appellate court concluded subdivision (c)(2)(C) did not compel dismissal in all cases. (*Lipscomb,* at p. 21.) Rather, the court explained, the full language of the statute, read in context, "expressly empower[s] the [trial] court to impose the enhancement upon a finding that dismissing it would endanger public safety." (*Id.* at p. 19.) Because the trial court had made such a finding, it was not required to consider the enumerated mitigating circumstances,

_____

5 As noted, the California Supreme Court granted a petition for review in *Walker*. The Court specified that its review "is limited to the following: Does the amendment to Penal Code section 1385, subdivision (c) that requires trial courts to 'afford great weight' to enumerated mitigating circumstances (Stats. 2021, ch. 721) create a rebuttable presumption in favor of dismissing an enhancement unless the trial court finds dismissal would endanger public safety?" (*People v. Walker*, 2023 Cal. Lexis 1459.)

9

subdivision (c)(2)(C), and therefore did not err by declining to strike the enhancement. (*Id*. at p. 18.)

Other courts have since relied on the reasoning in *Walker* and *Lipscomb* to reach similar conclusions. (See *Anderson, supra,* 88 Cal.App.5th at pp. 238–241, review granted [citing *Walker* and concluding "dismissal [of an enhancement under subdivision (c)(2)(B) or (C)] *shall* occur but only *if*, in exercising its discretion and giving great weight to certain factors, the court finds dismissal is in the interests of justice or would not endanger public safety"]; *Mendoza, supra*, 88 Cal.App.5th at p. 297 [citing *Walker*, *Lipscomb*, and *Anderson* as support for the conclusion that dismissal is not required when it would endanger public safety]; cf. *People v. Ortiz* (2023) 87 Cal.App.5th 1087, 1096–1098, review granted Apr. 12, 2023, S278894 [concluding the trial court retains discretion to determine whether dismissal is in the furtherance of justice but declining to follow *Walker* insofar as it suggests the presumption in favor of dismissal can only be rebutted by a showing that dismissal would endanger public safety].)

Although the published opinions addressing this issue have varied to some degree in interpreting the language in section 1385, subdivision (c)(1) and (2), none have concluded that the "shall be dismissed" language in subdivision (c)(2)(B) and (C) *requires* dismissal where the trial court finds that the dismissal would endanger public safety. Absent further instruction from our high court, we likewise decline to reach such a decision here. Rather, we will follow the plethora of published cases concluding that neither subdivision (c)(2)(B) nor (C) requires dismissal of a sentencing enhancement where the trial court concludes dismissal would not be in the furtherance of justice and/or would endanger public safety. (§ 1385, subd. (c)(2).)

Here, before announcing its sentencing decision, the trial court stated, "there [is] no question in my mind that if I was to let the defendant out early, he would hurt somebody, and he [is] not going to consent to arrest. And in this case, he was a violent felon who was armed with a firearm. No good could come of it." The court stated further that it "believe[d] the defendant deserve[d] the 30" years at the upper end of the agreed upon range, although it ultimately imposed a slightly lower term of 27 years. We take these statements to evidence implied findings by the trial court that dismissal of the two enhancements would endanger public safety and would not be in the interest of justice. Morales does not assert that the trial court failed to make such findings. Thus, neither section 1385, subdivision (c)(2)(B) nor (C) compelled dismissal, and the trial court did not err by imposing both the section 12202.5, subdivision (a) firearm enhancement and the prior serious felony enhancement.

## DISPOSITION

The judgment is affirmed.


KELETY, J.

WE CONCUR:


DATO, Acting P. J.


BUCHANAN, J.


11